**IN THE COURT OF APPEALS OF IOWA**

No. 20-0065
Filed March 3, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DEANDRE MILLER,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Scott County, Henry W. Latham II,

Judge.


        Deandre Miller challenges his conviction for assault causing serious injury.

**AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Robert P. Ranschau,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant

Attorney General, for appellee.


        Considered by Doyle, P.J., and Tabor and Ahlers, JJ.

**AHLERS, Judge.**

In the late evening hours of February 18, 2018, S.W. was contacted by phone by a man with whom she had become acquainted through a family member. The two were not romantically involved at that time, and S.W. only knew the man as Deandre. A few hours after their initial contact, the man arrived at S.W.'s residence. As the two conversed, the man started making remarks suggesting S.W. "needed to have sex with him." When S.W. declined, the man suggested she perform oral sex on him. At that point, S.W. decided it was time for the man to leave. She informed the man of her decision and got up to escort him out. In response, the man punched S.W. in the face repeatedly with a closed fist while verbally threatening to knock her unconscious. S.W. was able to yell out the window for help, at which point the man left.

S.W. called her sister for help and went to the hospital where she was treated for injuries that included a severely split lip, a broken nose, disturbance of the alignment of her teeth, and multiple bruises and lumps. S.W. called law enforcement from the hospital.

With the help of family members conducting a social media search and law enforcement, S.W. was able to determine the man's name was Deandre Miller. Miller was charged with assault causing serious injury in violation of Iowa Code section 708.2(4) (2018). Following a bench trial, he was found guilty of the offense. After stipulating to two prior felony convictions, he was sentenced as a habitual offender. *See* Iowa Code § 902.8.

On appeal, Miller raises only one issue—whether the evidence was sufficient to establish his identity as S.W.'s assailant.

Claims of insufficient evidence are reviewed for correction of legal error. *State v. Schiebout*, 944 N.W.2d 666, 670 (Iowa 2020). "We will uphold the verdict on a sufficiency-of-evidence claim if substantial evidence supports it." *Id.* "Evidence is substantial 'if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt.'" *Id.* (quoting *State v. Trane*, 934 N.W.2d 447, 455 (Iowa 2019)). In a bench trial, we review the district court's findings as we would a jury verdict, meaning we will affirm the verdict if supported by substantial evidence. *State v. Weaver*, 608 N.W.2d 797, 803 (Iowa 2000).

Here, substantial evidence supports the district court's finding that Miller was S.W.'s assailant. S.W. unequivocally identified Miller as her assailant during her trial testimony. *See State v. Doolin*, 942 N.W.2d 500, 508 (permitting a witness to identify a defendant at trial if such identification has an independent origin such as the witness's memory of the person while the person committed the crime). Further, although unaware of his last name prior to the assault, S.W. knew her assailant as Deandre. After the assault, S.W.'s family members located a social media account of Deandre Miller, and S.W. confirmed the profile photo associated with Miller's account matched her assailant.

In addition to S.W.'s identification of Miller by photo and in person, Miller's cell phone linked him to the crime. Law enforcement was able to confirm the phone number the assailant used to communicate with S.W. was the same cell phone number Miller had provided to his federal probation officer. Phone company records confirmed Miller was the subscriber assigned that cell phone number. Those records also confirmed both text messaging and phone calls between

Miller's phone and S.W.'s phone leading up to the crime, generally on the timeline described by S.W. Finally, Miller admitted to law enforcement that the phone number at issue was his phone number and had been for about a year leading up to the assault.

Viewed in the light most favorable to the State, the eyewitness identification of Miller as the assailant and the cell phone evidence linking him to the crime could convince a reasonable fact finder that Miller was the person who committed the offense. Therefore, we affirm the district court's finding that Miller was the person who committed the crime, which is the only issue on appeal.

**AFFIRMED.**